UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC KAREEM RICHARDSON

        Petitioner,

v.                         Case No: 5:11-cv-393-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

        Respondent.

_____/

**<u>ORDER OF DISMISSAL</u>**

This case is before the Court upon review of the file. Petitioner Eric Kareem Richardson ("Petitioner"), an inmate at the Federal Correctional Complex in Coleman, Florida, filed a petition pursuant to 28 U.S.C. § 2241 (Doc. 1, filed July 8, 2011). Petitioner filed a supplement to his petition on November 4, 2011 (Doc. 6). Respondent filed a response and asked the Court to dismiss the petition for lack of jurisdiction (Doc. 20). Petitioner filed a reply and supplemental reply to the response (Doc. 9; Doc. 17).

Upon consideration of the petition, the responses, and the replies, the petition is dismissed as an improper filing under § 2241.

**I.**   **Background and Procedural History**

On January 5, 2000, Petitioner was found guilty of four counts of possession of cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841 (counts one through four); possession of a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1) (count five); and possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1)(count six) (Case No. 6:99-cv-200-18DAB at Doc. 21).[1] The district court determined that Petitioner qualified as a career offender and sentenced him to concurrent 360 month terms on counts one through four and count six and to a consecutive sixty month term on count five (Cr. Doc. 64).

Petitioner appealed his conviction and sentences, and the Eleventh Circuit affirmed the district court on all issues except for Petitioner's claim that he had not been advised of his constitutional rights prior to his confession (Cr. Doc. 82); United States v. Richardson, 254 F.3d 74 (11th Cir. 2001). On remand, the district court determined that Petitioner had been properly informed of his constitutional rights (Cr. Doc. 97). Petitioner appealed, and the Eleventh Circuit affirmed. United States v. Richardson, 34 F. App'x 968 (11th Cir. 2002).

On June 27, 2003, Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 101). In the motion, Petitioner raised claims of ineffective assistance of counsel and argued that the Government had failed to disclose exculpatory information. Id. The district court

---

[1] References to docket entries in Petitioner's under lying criminal case, Case No. 6:99-cv-200-18DAB, will be referred to as (Cr. Doc. ____).

denied the motion (Cr. Doc. 102).  The Eleventh Circuit Court of Appeals denied Petitioner a certificate of appealability.

On April 22, 2005, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) in which he argued that his sentence was unconstitutional under United States v. Booker, 543 U.S. 220 (2005) (Cr. Doc. 104).  The motion was denied (Cr. Doc. 107).  Petitioner filed another motion pursuant to 18 U.S.C. § 3582(c)(2) in which he argued that Amendment 706 to the United States Sentencing Guidelines authorized reduction of his sentence (Cr. Doc. 108).  The motion was denied because Petitioner was sentenced in part as a career offender pursuant to § 4B1.1 of the sentencing guidelines based on his prior convictions for drug trafficking and/or violent offenses (Cr. Doc. 114).  The Eleventh Circuit Court of Appeal affirmed (Cr. Doc. 118).

Petitioner filed the instant 18 U.S.C. § 2241 petition on July 11, 2011 (Doc. 1).  He filed a supplemental petition on November 4, 2011 (Doc. 6).  Petitioner raises two claims in his petition.  He asserts that he is "[a]ctually and [f]actually innocent of violating Title 18 U.S.C. 924(c)(1) as charged in count five" and that is actually innocent of being a career offender (Doc. 1 at 3-4).  Although not raised as a specific claim in his petition, Petitioner argues in his supporting memorandum that the Fair Sentencing Act of

2010 "must be retroactively applied to his case by implication and clear indication of the Act[.]" (Doc. 1 at 22).[2]

## II.  **Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner asserts that he was wrongfully convicted of

---

[2] This issue was raised and thoroughly considered in Petitioner's criminal proceedings (Doc. 119).  The district court determined that Petitioner was not eligible for a reduction of sentence because:

> Richardson's "applicable guidelines range" was that of a career offender under § 4B1.1, and a reduction of Richardson's offense level under § 2D1.1 would not affect his applicable guidelines range.  Therefore, Richardson is ineligible for a reduction of sentence pursuant to § 3582(c)(2) and retroactive application of Amendment 750. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that defendants sentenced as career offenders were not eligible for reduction of their sentences following Amendment 706 which, like Amendment 750, reduced the base offense levels for some offenses involving cocaine base).

(Cr. Doc. 130 at 2).  The Eleventh Circuit Court of Appeal affirmed (Cr. Doc. 133).  Because this issue has been considered and affirmed by the Eleventh Circuit, it will not be further addressed by this Court. See Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (when a prisoner engages in conducted that disentitles him to the relief he seeks, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ); Deglace v. Warden, FCC-Coleman, 484 F. App'x 307 (11th Cir. 2012) (a claim that could have been raised in an earlier proceeding is not properly brought in a § 2241 petition).

possession of a firearm in furtherance of a drug trafficking crime and also challenges the validity of the enhanced sentences he received on his convictions.   Ordinarily, an action in which an individual seeks to collaterally attack his convictions or sentences should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).   However, Petitioner's previous § 2255 motion was denied by the court that imposed his sentence.   Therefore, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.   Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he properly filed this motion under § 2241 because he is "actually innocent" of one of his convictions and is also "actually innocent" of being a career offender (Doc. 1-1 at 8-11). Specifically, Petitioner argues that the United States Supreme Court's decision in Johnson v. United States, 559 U.S. 133 (2010) established that the prior convictions used to enhance Petitioner's

sentences no longer qualify as predicate offenses to trigger an enhancement under the sentencing guidelines.

### a.  *Claim One*

Petitioner contends that he is "actually and factually innocent of violating Title 18 U.S.C. § 924(c)(1) as charged in count five (5) of the charging indictment." (Doc. 1-1 at 8).  In count five of the indictment, Petitioner was charged with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Cr. Doc. 1).  On direct appeal, Petitioner challenged the sufficiency of the evidence to support his conviction on ground five (Cr. Doc. 82).  The Eleventh Circuit rejected the claim, noting that "[t]he record contains sufficient evidence to show beyond a reasonable doubt that [Petitioner] not only possessed the weapon, but also that he possessed it 'in furtherance of' a drug trafficking crime." (Cr. Doc 82 at 21).  Upon review of the arguments presented in the current § 2241 petition, the Court concludes that it does not have jurisdiction to consider the merits of this claim.

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added).  The Eleventh Circuit has crafted a narrow interpretation of the savings clause, applying it only "when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion." Sawyer, 326 F.3d at 1365 (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Petitioner alleges no facts indicating that any of the legal claims he presents in the instant petition were unavailable to him when he raised this claim on direct appeal.  To the contrary, Petitioner argues that the United States Supreme Court holdings in Bailey v. United States, 516 U.S. 137 (1995) and Muscarello v. United States, 524 U.S. 125 (1998) support his position (Doc. 1-1 at 8-10).  However, both of these cases were decided prior to Petitioner's April 7, 2000 notice of appeal (Cr. Doc. 68).

The law is clear that a petitioner who has had a procedural opportunity to raise his claims, either at trial, on direct appeal, or in a § 2255 motion, cannot establish the inadequacy or ineffectiveness of the § 2255 remedy. See Wofford, 177 F.3d at 1245 (holding that § 2241 petitioner's claims did not fit within

parameters of the savings clause, because he "had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal"). Consequently, Petitioner has failed to show that the § 2255 savings clause applies to "open the portal" to a § 2241 proceeding. Hernandez v. Drew, 371 F. App'x 991, 993 (11th Cir. 2010) ("In order for a prisoner to avail himself of the § 2241 remedy, all three Wofford criteria must be met.")[3]; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim." (quoting Wofford, 177 F.3d at 1244 n.3)).

### b.  Claim Two

Petitioner asserts that his presentence investigation report (PSR) stated that Petitioner was a career criminal under § 4B1.1 and relied on his prior convictions for delivery of cocaine and aggravated assault (Doc. 1-1 at 12). In addition, the PSR determined that Petitioner was an armed career criminal based on the same prior convictions. Id. Petitioner now argues that the prior convictions used to enhance his sentences no longer qualify to trigger the sentencing enhancements (Doc. 1-1 at 11).

---

[3] This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36B2. The Court notes this rule applies to other F. App'x cases cited herein.

When reviewing a § 2241 attack on an enhanced sentence, the Eleventh Circuit has recognized that:

> If the savings clause operates to allow attacks on old sentences that were lengthened by enhancements that later decisions have called into doubt, there is no reason it would not also operate to do the same with any other guidelines calculation error. As a result, no federal judgment imposing a sentence would be truly final until the sentence was completely served or the prisoner had gone on to face a different kind of final judgment.

Gilbert v. United States, 640 F.3d 1293, 1310 (11th Cir. 2011). The Eleventh Circuit expressly held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323; Bryant v. Warden, FCC Coleman, 738 F.3d 1253, 1299 (11th Cir. 2013) ("[A]ny challenge to a sentence that is already *below* the statutory maximum could not open the § 2255(e) portal.")(emphasis in original). Therefore, as an initial matter, the Court must determine whether Petitioner was sentenced beyond the statutory maximum on any of his convictions.

## 1. *Petitioner was sentenced in excess of the statutory maximum on one of his six convictions*

In Gilbert v. United States, the Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which no defendant convicted for committing that particular crime may be

sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306.  In Bryant v. Warden, FCC Coleman, the Eleventh Circuit recognized that there is a "significant distinction" between a sentence that exceeds the statutory maximum and a sentence that, "although enhanced by application of mandatory sentencing guidelines, remains within the permitted statutory maximum penalty." Bryant, 738 F.3d 1253, 1273-75 (11th Cir. 2013); The Bryant court concluded that statutory maximum sentences "take precedent" over sentences set forth in the sentencing guidelines because they are "more bedrock, fundamental features of sentences." Id. at 1285.

In counts one through four of his indictment, Petitioner was convicted of violating 21 U.S.C. § 841(a)(1) (Cr. Doc. 1; Cr. Doc. 51), and the statutory sentence he faced as a prior drug offender for each of these convictions for an unspecified quantity of drugs was at least ten years but no more than thirty years. 21 U.S.C. § 841(b)(1)(C).[4]  Petitioner's prior felony drug offenses support

---

[4] The recidivist portion of § 841(b)(1)(C) reads: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years[.]" 21 U.S .C. § 841(b)(1)(C).   On December 22, 1999, the Government filed an information pursuant to 21 U.S.C. § 851 indicating that it intended to rely on Petitioner's 1993 conviction for delivery and possession of cocaine as a prior felony drug offense within the meaning of 21 U.S.C. § 851 and 21 U.S.C. §§ 841(b)(1)(A) and (C) (Cr. Doc. 24).

Petitioner's concurrent 360 month sentences on these counts. See United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001) (where the defendant is a recidivist drug offender, the maximum sentence, absent drug quantity, under § 841(b)(1)(C) is thirty years); see also U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (defining "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record" ); USSG § 4b1.1, comment n. 2 (the statutory maximum for a defendant under 21 U.S.C. § 841(b)(1)(C) is increased from twenty to thirty years if the defendant has a qualifying prior drug conviction).

Because Petitioner's 360 month sentences on counts one through four of the indictment fell within the statutory range for an unspecified drug quantity under 21 U.S.C. § 841(b)(1)(C), to the extent it relates to counts one through four, this claim is not within the ambit of the § 2255(e) savings clause. See Gilbert, 640 F.3d at 1323; White v. Warden, FCC Coleman, 516 F. App'x 917 (11th Cir. 2013) (affirming district court's determination that under 21 U.S.C. § 841(b)(1)(C), the statutory maximum sentence for a

_____

Petitioner does not dispute that he pleaded guilty to delivery of cocaine in violation of Florida Statute § 893.13 (Doc. 1-1 at 33).

recidivist drug offender was thirty years and that White had not been sentenced above the statutory maximum).

Likewise, count five carried a statutory minimum sentence of five years for use, carrying, or possession of a firearm in connection with a crime of violence or a drug trafficking crime. See 924(c)(1)(A). The statute provides no maximum sentence. Accordingly, Petitioner's sixty month sentence on this count was not greater than the statutory maximum for count five of the indictment.

As to count six, the indictment charged Petitioner with being a felon in possession of a firearm in violation of § 922(g)(1) (Cr. Doc. 1). Section 922(g) normally carries a maximum sentence of ten years imprisonment in accordance with § 924(a)(2). However, the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) imposes a sentence of "not less than fifteen years" imprisonment for violations of § 922(g)(1) if a defendant has had three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. §§ 924(a), (e).[5]

---

[5] Under the ACCA, a "serious drug offense" is:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii). A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that—

The district court sentenced Petitioner to 360 months for his violation of § 922(g)(1).   Accordingly, Petitioner was sentenced above the ten year statutory maximum on count six of the indictment.

### 2.   *Petitioner's prior convictions support his enhanced sentence on count six of the indictment*

The ACCA requires a minimum sentence of fifteen years' imprisonment for a defendant who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1).   Although Petitioner concedes that he has two prior convictions for delivery of cocaine and a conviction for aggravated assault without a firearm (Doc. 1-1 at 33), he contends that he did not have the requisite three felonies for enhancement under the ACCA.   He puts forth two arguments in support of this contention: (1) the Florida drug law under which he was convicted criminalized conduct that does not qualify as a "serious drug offense" under the ACCA (Doc. 1-1 at 13); and (2) his prior conviction for aggravated assault does not qualify as a "violent felony" under the ACCA (Doc. 1-1 at 16).

---

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical risk of injury to another....

18 U.S.C. § 924(e)(2).

In order to challenge a fundamental defect in sentencing under the savings clause, Petitioner must show: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; and (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)).

### i.   Delivery of cocaine

In 1992, Petitioner was convicted of two counts of delivery of cocaine in violation of Florida Statute § 893.13(1)(a).  Citing to United States v. Hernandez, 145 F.3d 1433 (11th Cir. 1998), Petitioner argues that the 1992 Florida statute under which he was convicted was ambiguous and that "the federal sentencing court did not and could not determine that the petitioner was convicted for anything other than purchase." (Doc. 1-1 at 13).  Indeed, in Hernandez, the Eleventh Circuit concluded that it was error for a district court to conclude that a conviction under § 893.13(1)(a) qualified as a controlled substance offense for enhancement purposes

under USSG § 4B1.2(b) because Hernandez' Florida state convictions did not indicate whether he had been convicted for the sale of a controlled purchase or merely for its purchase.  Hernandez, 145 F.3d at 1440.  Hernandez does not aid Petitioner for two reasons.  First, unlike the petitioner in Hernandez, Petitioner's conviction specifically stated that he had been convicted of "delivery" of cocaine (Doc. 1-1 at 33; Cr. Doc. 24 at 6).  Next, Petitioner has not explained why this argument could not have been raised at sentencing, on direct appeal, or in his first § 2255 proceeding. The Eleventh Circuit's opinion in Hernandez pre-dated Petitioner's March 29, 2000 sentence (Cr. Doc. 64).

Petitioner also points to the Eleventh Circuit's recent holding in United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011) to support his argument.  In that decision, the Eleventh Circuit concluded that a defendant's prior state conviction for cocaine trafficking under Florida Statute § 893.135(1) was improperly used to enhance his sentence because purchase of a controlled substance is not a controlled substance offense Id. at 1189-90.  The Eleventh Circuit further concluded that if the record was ambiguous, the court would assume that the conviction under the Florida statues was for the least prohibited act.  Id.

Petitioner's reliance on Shannon is misplaced. The Eleventh Circuit's ruling in Shannon is not a retroactively applicable United States Supreme Court decision that overturned circuit precedent so

- 15 -

as to open a portal to § 2241 review.  <u>Williams</u>, 713 F.3d at 1343.
Moreover, unlike the defendant in <u>Shannon</u>, Petitioner's state court
conviction under § 893.13(1)(a) is not ambiguous.   Petitioner's
offense involved the delivery of cocaine, not the act of purchasing
drugs, and the Eleventh Circuit's decision in <u>Shannon</u> is not directly
applicable.  <u>Shannon</u> did not hold that convictions for the delivery
of cocaine are not serious drug offenses.  Rather the Eleventh
Circuit has consistently held that a conviction for the delivery of
cocaine is a serious drug offense.  <u>See, e.g.</u>, <u>United States v.</u>
<u>Govan</u>, 293 F.3d 1248, 1250 (11th Cir. 2002) (defendant's prior
conviction for delivery of cocaine was a controlled substance offense
within the meaning of USSG § 4B1.2(b)); <u>United States v. Johnson</u>,
515 F. App'x 844, 847 (11th Cir. 2013) (delivery of a controlled
substance qualifies as a serious drug offense under the ACCA); <u>United</u>
<u>States v. Pitts</u>, 394 F. App'x 680, 684 (11th Cir. 2010) (a conviction
for the sale or delivery of cocaine qualifies as a serious drug
offense).[6]

---

[6] In his supplemental petition (Doc. 6), Petitioner argues that his
sentence should not have been enhanced because his state convictions
were obtained under Florida Statute § 893.13 which was declared
unconstitutional in <u>Shelton v. Sec'y, Dept. of Corr.</u>, 802 F. Supp.
2d 1289 (M.D. Fla. 2011).  This argument is flawed.  Petitioner must
first obtain relief in state court before this Court can grant relief
on this claim. <u>See</u> <u>Stewart v. United States</u>, 646 F.3d 856, 864 (11th
Cir. 2011)("[T]he time for challenging a federal sentence based on
a faulty state conviction is only after that conviction has been
vacated.").  Moreover, this case is no longer good law because it

## ii.  Aggravated assault

Petitioner also contends that his conviction for aggravated assault without a firearm does not qualify as a violent felony under the ACCA (Doc. 1-1 at 16).  Florida's aggravated assault statute defines the offense as an assault that is either committed "[w]ith a deadly weapon without intent to kill" or "[w]ith an intent to commit a felony." Florida Statute § 784.021(1).  An assault, in turn, involves "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. Recently, the Eleventh Circuit concluded that a Florida conviction for aggravated assault categorically qualifies as a violent felony under the ACCA because by requiring an "intentional, unlawful threat by word or act to do violence to the person of another," it necessarily includes "as an element . . . threatened

---------------------------

was reversed by the Eleventh Circuit which declined to issue an opinion on the constitutionality of the statute.  Shelton v. Sec'y, Dept. of Corr., 691 F.3d 1348, 1355 (11th Cir. 2012).  In July 2012, the Florida Supreme Court ruled that § 893.13 is not facially unconstitutional.  See State v. Adkins, 96 So. 3d 412, 423 (Fla. 2012)(upholding § 893.13 as constitutional under the due process requirements as articulated by that court and the U.S. Supreme Court; holding that shifting the *mens rea* requirement to the defendant as an affirmative defense violates no "requirement of due process articulated by this Court or the [United States] Supreme Court.").

use of physical force against the person of another." <u>Turner v.</u>
<u>Warden, Coleman-FCC</u>, 709 F.3d 1328, 1337-38 (11th Cir. 2013).

> **3.   *No retroactively applicable Supreme Court decision
> has concluded that Petitioner's prior convictions
> cannot support his sentencing enhancement***

Petitioner has not apprised this Court of any retroactively
applicable Supreme Court decision that overturned Eleventh Circuit
precedent to conclude that Petitioner's prior convictions for
delivery of cocaine or aggravated assault no longer qualify for ACCA
enhancement purposes.  Although Petitioner argues that <u>Johnson v.</u>
<u>United States</u>, proves that none of his prior convictions qualify as
predicate offenses, <u>Johnson</u> does not affect the present case.

In <u>Johnson</u>, the Supreme Court held that a defendant's prior
battery conviction under Florida law was not a "violent felony" under
§ 924(e)(1) because the Florida offense did not require the use of
violent physical force. 559 U.S. at 139-40.  The <u>Johnson</u> court
explicitly limited its holding.  It stated that it was interpreting
the term "physical force" in the context of the statutory definition
of "violent felony" pursuant to § 924(e). <u>Id.</u> at 144.  As discussed
above, Petitioner's conviction for aggravated assault remains a
violent felony within the meaning of the ACCA, and <u>Johnson</u> did not
address "serious drug offenses" under the ACCA.  Accordingly,
<u>Johnson</u> does not open a portal to § 2241 review.

III.      Conclusion

The savings clause provision of § 2255(e) does not apply, and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition.  However, Petitioner has previously filed a § 2255 petition, and the instant action is successive. Therefore, this Court is without jurisdiction to consider it, and the petition must be dismissed.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Eric Kareem Richardson is **DISMISSED** as an improper filing under § 2241; and

2. The Clerk is directed to enter judgment against Richardson, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___19th___ day of March, 2014.

JOHN E. STEELE<br>UNITED STATES DISTRICT JUDGE

SA: OrlP-4 3/19/14
Copies: Eric Kareem Richardson
Counsel of Record

- 19 -