UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC KAREEM RICHARDSON,

        Petitioner,

v.                                 Case No: 5:11-cv-393-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

        Respondent.
_____/

**ORDER**

This case is before the Court on the following:

> Petitioner's Motion for Clarification of the Court's Jurisdiction, Duty, and Obligation to Grant the Writ of Habeas Corpus (Doc. 25, filed April 18, 2014); and

> Petitioner's Motion for Relief from Judgment (Doc. 26, filed April 18, 2014).

In his motions, Petitioner asks the Court to reconsider its March 19, 2014 Order (Doc. 23) dismissing his petition for writ of habeas corpus. Petitioner argues that the Court failed to resolve "the existing jurisdictional question" and that a new Supreme Court case compels a conclusion that he is actually innocent of being an armed career criminal (Doc. 25; Doc. 26). For the reasons set forth in this Order, Petitioner's motions are **DENIED**.

Petitioner has not indicated the statutory provision under which he brings his motions for reconsideration. However, he signed his motions less than twenty-eight days after judgment was filed on the order dismissing his 28 U.S.C. § 2241 petition (Doc.

24). Accordingly, the Court will consider the motion as filed under Rule 59(e) of the Federal Rules of Civil Procedure. See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period).

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted); Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary

remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005) (citing Lamar, 189 F.R.D. at 489).

The Court has reviewed Petitioner's motions and determines that they are without merit. Petitioner has not identified new evidence, pointed to a change in controlling law, or shown that reconsideration is needed to correct clear error or prevent manifest injustice. Rather, Petitioner simply disagrees with the Court's conclusions that it lacked jurisdiction to consider Petitioner's 28 U.S.C. § 2241 motion and that, even if the petition were not due to be dismissed for lack of jurisdiction, it would fail on the merits. Petitioner also points to Burrage v. United States, 134 S. Ct. 881 (2014) as standing for the proposition that "a defendant cannot be convicted nor sentenced for drug quantity that was not charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt." (Doc. 26 at 4). For the sake of clarification only, these two issues will be briefly addressed by this Court.

### 1. *This Court properly determined that it lacked jurisdiction to review Petitioner's 28 U.S.C. § 2241 petition*

First, Petitioner complains that the Court did not address and adjudicate on the merits "the jurisdictional question"

3

presented to this Court (Doc. 26 at 2). Petitioner asserts that "the district court has made it routine habit and practice to rely on Eleventh Circuit authority that conflicts with Supreme Court precedent on the writ of habeas corpus pursuant to § 2241." (Doc. 26 at 15). Specifically, Petitioner takes issue with this Court's reliance on <u>Williams v. Warden</u>, 713 F.3d 1322 (11th Cir. 2013), <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011), and <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999). <u>Id.</u> Petitioner does not complain that this Court misapplied the law from these decisions to facts of his case. Rather, he appears to argue that this Court should have ignored the Eleventh Circuit and substituted its own judgment regarding the applicability of these cases to Petitioner's habeas petition.

This Court does not have the discretion to ignore binding precedent, much less overrule, previous Eleventh Circuit decisions that appear to be on point. The right to overrule <u>Wofford</u> and its progeny rests with the Eleventh Circuit Court of Appeals or the United States Supreme Court. The structure of the federal judicial system requires lower courts to faithfully apply legal precedent established by supervisory appellate courts. <u>See</u> <u>Rodriguez de Quijas v. Shearson/American Express, Inc.</u>, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which

4

directly controls, leaving to this Court the prerogative of overruling its own decisions"); Jefferson County v. Acker, 210 F.3d 1317, 1321 (11th Cir. 2000) ("Where a Supreme Court decision that has not been overruled is squarely on point and therefore 'directly controls' the case at hand, we are to follow it even though convinced that the Court will overturn that decision the next time it addresses the issue."); King v. Cessna Aircraft Co., 505 F.3d 1160, 1169 (11th Cir. 2007)(quoting Fla. League of Professional Lobbyists, Inc. v. Meggs, 87 F.3d 457, 462 (11th Cir. 1996) ("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.")).

Just as the Eleventh Circuit may not ignore or overrule Supreme Court precedent, this Court may not ignore or overrule circuit precedent.  To the extent that Petitioner argues that numerous Supreme Court cases raise questions about the conclusions reached by the Eleventh Circuit regarding § 2241 and the savings clause provisions of § 2255(e), it is for the Eleventh Circuit to reconcile those questions with Wofford and its progeny. This Court has no license to do so.

### 2. *Burrage v. United States did not invalidate Petitioner's sentencing enhancement*

Next, Petitioner argues that he must be immediately released in light of the "statutory clarification" set out in Burrage v.

5

United States.  Petitioner asserts that Burrage, in concert with the ruling in Alleyne v. United States, 133 S. Ct. 2051 (2013), "overruled and/or abrogated the Eleventh Circuit and all other Circuit authority and precedent establishing that drug type and quantity were sentencing factors, not elements, with the additional fact that a defendant cannot be convicted nor sentenced for drug quantity that was not charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt." (Doc. 26 at 4).

Burrage is one in a line of cases tracing back to Alleyene v. United States, 133 S. Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000), holding that a factor which increases the minimum or maximum possible sentence must be submitted to a jury and found beyond a reasonable doubt.  The central issue in Burrage was whether a defendant may be sentenced under the enhanced penalty provision of § 841(b)(1)(C) (a 20-year mandatory minimum sentence where death "results from" the use of the unlawfully distributed drug), if the use of the drug "contributes to, but is not a but-for cause of, the victim's death." Burrage, 134 S. Ct. at 885. The Court concluded that "but-for" causation is required in order for the enhanced penalty to apply. Id. at 892.  Other than restating the same arguments raised in his habeas petition, Petitioner has not shown how Burrage is applicable to his case.

6

Petitioner's Burrage arguments are repetitive and do not need to be rehashed in the instant motion.

Petitioner has not demonstrated an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Accordingly, Petitioner's Rule 59(e) motions (Doc. 25; Doc. 26) are **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this ___23rd___ day of April, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4    4/23/14
Copies to: Eric Kareem Richardson
All parties of record